IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-1035

MIRA HOLDINGS, INC.,

    Plaintiff,

v.

ORCID, INC.

    Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

**NATURE OF THE CASE**

1.  This case is brought by Plaintiff Mira Holdings, Inc. ("Plaintiff") pursuant to 15 U.S.C. § 1114(2)(D)(iv)–(v) and for declaratory relief pursuant to 28 U.S.C. § 2201 to establish that the registration and use of the internet domain name *<orcid.com>* (the "Domain") is not unlawful under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d) ("ACPA"), or otherwise under the Lanham Act, 15 U.S.C. § 1051, *et. seq.*, and to prevent the transfer of the Domain from Plaintiff to Defendant ORCID, Inc. ("Defendant'), which was ordered in an administrative panel decision dated February 28, 2026 under the Uniform Domain Name Dispute Policy ("UDRP") proceeding captioned: *ORCID, Inc. v. Mira Holdings*, Forum Case No. FA2512002196448. A copy of this UDRP decision is attached as Exhibit A.

- 1 -

## JURISDICTION AND VENUE

2.    This Court has personal jurisdiction over Defendant because Defendant consented to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the Uniform Domain Name Dispute Resolution Policy (the "UDRP") concerning the Domain Name. Specifically, in initiating the UDRP proceeding, Defendant agreed to submit to jurisdiction of the registrar in connection with a challenge of a UDRP decision.

3.    The registrar for the Domain is TurnCommerce, Inc. DBA NameBright.com, having a principal place of business in Denver, Colorado which is in this judicial district.

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this cause arises under 15 U.S.C. § 1114 in that Plaintiff is the registrant of a domain name which has been suspended, disabled, or transferred under a policy provided by the registrar thereof relating to alleged conflict with a trade or service mark claimed by the Defendant.

5.    Defendant has directed activity into this judicial district with the intent to deprive Plaintiff of rights under a contract having a situs in this judicial district.

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## PARTIES

7.    Plaintiff Mira Holdings, Inc. is a Minnesota corporation with a principal location in Minneapolis, Minnesota.

- 2 -

8.  On information and belief, Defendant ORCID, Inc. is a Delaware corporation with a principal location in Wilmington, Delaware.

**FACTS**

9.  Plaintiff is a is a professional domain name investor with more than 10,000 domain names under ownership and offered for sale, including many domain names that are abbreviations or variant spellings of words.

10.  "Orchid" is one such word.

11.  In September 2022, Plaintiff acquired the existing internet domain name *<orcid.com>* at a public auction at NameJet.com for $6312.

12.  Plaintiff did not fail to maintain accurate contact information with respect to the Domain.

13.  The Whois record for *<orcid.com>* states that the Domain was "registered on" July 26, 2001.

14.  On the other hand, Defendant filed a U.S. trademark application (serial no. 85235555) for the ORCID mark about ten years later on February 7, 2011, claiming priority to European Community applications 009465048 and 009465048, both filed October 21, 2010.

15.  On information and belief, the Defendant possessed no common law trademark rights in the United States and no rights under the Lanham Act for the word "ORCID" before July 26, 2001 when the Domain was registered.

- 3 -

16.     Plaintiff has not sold, transferred or trafficked the Domain, nor specifically offered to sell the Domain to Defendant, though the Domain, along with other domain names registered to Plaintiff, are available for sale.

17.     The Uniform Domain Name Dispute Resolution Policy (UDRP) recognizes that a party dissatisfied with a UDRP decision regarding a domain dispute may file a complaint with a court of competent jurisdiction within ten (10) business days of a UDRP decision, which will stay implementation of that administrative UDRP decision.

18.     On or about December 30, 2025, Defendant initiated a UDRP proceeding seeking to have the *<orcid.com>* domain transferred to Defendant.

19.     The principal office of the registrar for the *<orcid.com>* domain is located in Denver, Colorado.

20.     Defendant has consented to the jurisdiction of the District of Colorado, where the registrar for the *<orcid.com>* domain is located, with respect to any challenges that may be made to a UDRP decision to transfer the *<orcid.com>* domain.

21.     As a result of Defendant's filing of the UDRP, the registrar NameBright.com has maintained a lock on the domain name, preventing the Plaintiff from enjoying its full rights under the domain registration agreement. Plaintiff has been unable to exercise full control over the Domain as a result of Defendant's action.

22.     The UDRP decision dated February 28, 2026 ordered transfer of the Domain to Defendant.

23.    Under the UDRP, the registrar will transfer the Domain to Defendant unless legal action for independent determination of Plaintiff's rights is commenced in this judicial district.

## FIRST CAUSE OF ACTION DECLARATORY RELIEF - 28 U.S.C. § 2201
## NO VIOLATION OF LANHAM ACT

24.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 23 above.

25.    Plaintiff's registration or use of the Domain does not violate Defendant's rights under the ACPA or otherwise under the Lanham Act. Plaintiff did not have "bad faith intent," as provided in 15 U.S.C. § 1125(d)(1)(A)(i), to profit from Defendant's alleged trademark. Furthermore, the Domain was registered prior to the existence of Defendant's ORCID trademark.

26.    On information and belief, Defendant did not engage in interstate commerce in the United States of America in connection with Defendant's ORCID trademark prior to the registration of the Domain.

27.    Plaintiff reasonably believes the registration and use of the Domain was and is lawful under the Lanham Act.

28.    The ACPA, provides a cause of action for a registrant whose domain name has been suspended, disabled, or transferred by which the registrant may sue for a declaration that the registrant is not in violation of the Act and for an injunctive relief to the domain name registrant. 15 U.S.C.§ 1114(2)(D)(v).

29.     There is an actual controversy as to whether the Defendant is entitled to transfer of the Domain based on Defendant's rights under the ACPA and the Lanham Act.

30.     In the absence of a declaration from the Court, NameBright.com, the registrar of the Domain, will transfer the Domain to the control of Defendant, and Plaintiff will suffer irreparable harm with no adequate remedy at law.

## SECOND CAUSE OF ACTION – REVERSE DOMAIN HIJACKING
## UNDER 15 U.S.C. § 1114(2)(D)(iv)-(v)

31.     Plaintiff incorporates the allegations set forth in paragraphs 1 through 30 above.

32.     Plaintiff's Domain has been locked which prevents Plaintiff's full enjoyment of the benefits of registration thereof in consequence of false statements made by Defendant under a dispute policy, namely the UDRP.

33.     Knowing its allegations were not complete and accurate, Defendant certified otherwise in its UDRP complaint, and claimed that the Plaintiff had registered and used the Domain in bad faith relative to the Defendant's alleged rights.

34.     15 U.S.C. § 1114(2)(D)(iv) provides that when a registrar takes an action to transfer a domain name "based on a knowing and material misrepresentation by any other person that a domain name is identical to, confusingly similar to, or dilutive of a mark, the person making the knowing and material misrepresentation shall be liable for any damages, including costs and attorneys' fees, incurred by the domain name registrant as a result of such action."

35.    15 U.S.C. § 1114(2)(D)(v) provides a registrant may "file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this Act."

36.    Plaintiff has incurred costs in seeking to prevent transfer of the Domain as a consequence of Defendant's reverse domain hijacking and false statements in the UDRP complaint.

37.    The registration or use of the Domain does not violate any cognizable right of the Defendant under the ACPA and the Lanham Act.

38.    The Domain has been ordered transferred and would be transferred to Defendant but for this Action.

### THIRD CAUSE OF ACTION – TORTIOUS INTERFERENCE

39.    Plaintiff incorporates the allegations set forth in paragraphs 1 through 38 above.

40.    Plaintiff has a valid and enforceable contract with NameBright.com with respect to the registration of the domain name *<orcid.com>*.

41.    Defendant had knowledge of Plaintiff's domain registration contract with NameBright.com with respect to the domain name *<orcid.com>*.

42.    Knowing its allegations were not complete and accurate, Defendant alleged in its UDRP complaint that the Plaintiff had registered and used the Domain in bad faith relative to the Defendant's alleged rights for the purpose of depriving the Plaintiff of its rights under the domain registration contract.

43.     Defendant's misrepresentations in the UDRP complaint were knowingly made for the purpose of interfering with and inducing cancellation of Plaintiff's domain registration contract with NameBright.com, and to deprive Plaintiff of the benefits of its registration contract with NameBright.com.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A.     Declaration by the Court, pursuant to 28 U.S.C. § 2201, that Plaintiff's registration, ownership and use of the Domain *<orcid.com>* is lawful and proper and does not infringe on any right the Defendant may claim in the United States;

B.     For injunctive relief prohibiting Defendant from interfering with or challenging Plaintiff's registration, possession or use of the Domain.

C.     Judgment that Defendant has engaged in reverse domain hijacking and attempted unlawfully to interfere with Plaintiff's rights and expectations under its domain name registration contract;

D.     Costs and expenses including attorneys' fees under 15 U.S.C. § 1114(2)(d)(iv) and/or 15 U.S.C. §1117(a);

E.     For such other and further relief as this Court deems just and proper.

- 9 -

DEMAND FOR A JURY TRIAL

Plaintiff demands a jury trial on all claims so triable.


Date: March 12, 2026.                    Respectfully submitted,

                                          s/ James Juo
                                         James Juo
                                         Scott Brenner
                                         Thomas P. Howard, LLC
                                         842 W. South Boulder Road #100
                                         Louisville, CO 80027
                                         303-665-9845
                                         *jjuo@thowardlaw.com*
                                         *sbrenner@thowardlaw.com*

                                         Attorneys for Plaintiff